Wendy K. Akbar (AZ Bar # 025340)
wakbar@vclmlaw.com
Lance C. Venable (AZ Bar #017074)
lancev@vclmlaw.com
**VENABLE, CAMPILLO, LOGAN & MEANEY, P.C.**
1938 East Osborn Rd.
Phoenix, Arizona  85016
Tel: 602-631-9100
Fax: 602-631-4529

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **DAVID GORDON OPPENHEIMER, an individual, and PERFORMANCE IMPRESSIONS, LLC, a North Carolina limited liability company.**<br><br>Plaintiff,<br><br>vs.<br><br>**ESEATS, INC., an Arizona corporation, and ROBERT BERNSTEIN, an individual.**<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR**<br>**(1) COPYRIGHT INFRINGEMENT**<br>**(2) VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT**<br>**(3) UNJUST ENRICHMENT**<br><br>**JURY TRIAL REQUESTED** |

Plaintiffs David Gordon Oppenheimer and Performance Impressions, LLC, by their attorneys VENABLE, CAMPILLO, LOGAN & MEANEY, P.C., allege against Defendants ESeats, Inc. and Robert Bernstein as follows:

**PARTIES**

1. Plaintiff David Gordon Oppenheimer ("Oppenheimer") is a resident of Asheville, North Carolina.

2. Plaintiff Performance Impressions, LLC ("Performance Impressions") is a North Carolina limited liability company with its principal place of business located in Ashville, North Carolina.

3.	Defendant ESeats, Inc. is an Arizona corporation with its principal place of business at 13951 North Scottsdale Road, #133, Scottsdale, Arizona 85254.

4.	Defendant Robert Bernstein, CEO of Defendant ESeats, Inc., is an individual who upon information and belief resides in Scottsdale, Arizona.

5.	Upon information and belief, Defendants transact or have transacted business in this District and within the jurisdiction of this Court.

## JURISDICTION

6.	This Court has original subject matter jurisdiction over the copyright claims pursuant to 17 U.S.C. § 501(a), as amended, and the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.,* both of which are federal statutes.  The court has pendent jurisdiction over the remaining claim.

7.	The Court has personal jurisdiction over Defendants by virtue of Fed. R. Civ. P. 4.  In particular, Defendants have advertised and continue to advertise ticketing services on the Internet to inform residents of this State that they will take orders from residents of this State and will sell event tickets to events within this State, and/or to persons residing in this State.  Additionally, both Defendants reside in the State of Arizona.

8.	Venue in the United States District Court for the District of Arizona is proper under 28 U.S.C. § 1391(b) and (c).

## PLAINTIFF OPPENHEIMER'S REGISTERED COPYRIGHT

9.	Oppenheimer is the owner of U.S. Copyright Registration VA 1-703-841 entitled 2009 Concert Photography by David Oppenheimer of Performance Impressions, and consisting of a grouping of 551 concert photographs ("Copyright Registration").  A true and correct copy of the Copyright Registration is attached hereto as Exhibit A.

10.	Among those photographs is one of Phil Lesh and Bob Weir with Furthur, ("The Furthur Photograph") taken at Hammerstein Ballroom in New York City in December 2009, and displayed at right with original watermark intact.

-2-



1  'Furthur' is a rock band founded in
2  2009 by Lesh and Weir, former
3  members of the Grateful Dead rock
4  band.  The Grateful Dead was
5  inducted into the Rock and Roll Hall
6  of Fame in 1994, and Furthur is one
7  of the most prominent of the
8  numerous touring act offshoots of
9  the Grateful Dead.

10    11. Oppenheimer's Copyright Registration has the statutory presumptions of
11 validity, ownership and exclusive right to use.  Oppenheimer has the right to
12 prosecute actions for infringement of the registered photographs.

13    12. The Copyright Registration states that Oppenheimer has licensed his
14 registered copyright to Performance Impressions, LLC.

15    13. The Copyright Registration lists Performance Impressions as sole and
16 exclusive licensee to the Copyright Registration.

17    14. The Copyright Registration does not mention any licenses provided to
18 any other individual or entity, including but not limited to Defendants.

19    15. Defendants are not and have never been licensed to use The Furthur
20 Photograph or any other photographs copyrighted by Oppenheimer.

21                    **DEFENDANTS' UNLAWFUL ACTIVITIES**

22    16. Defendants advertise and sell concert tickets on a website at
23 www.eseats.com.

24    17. Upon information and belief, Defendants advertise to, and consummate
25 transactions with consumers nationally, including consumers within the State of
26 Arizona.

27    18. Upon information and belief, Defendants have been operating since
28 approximately 2000, almost fourteen years, with headquarters in the upper middle

1 class area of North Scottsdale, Arizona.

2     19.    According to http://www.eseats.com/information/aboutus.html, the "About Us" page of Defendants' website, "Today, eSeats.com runs one of the most sophisticated ticket websites and mobile apps giving our customers quick access to the biggest selection of premium tickets in the world."

3     20.    Defendants are not licensed by Oppenheimer to use the Furthur Photograph, and therefore not authorized to advertise, market, or sell either the Furthur Photograph, or products or services utilizing that photograph.

4     21.    Defendants have used the Furthur Photograph without authorization on its website, on at least http://www.eseats.com/further_phil_lesh_and_bob_weir_tickets.html to advertise and sell concert tickets for the band Furthur, for at least several months from late 2011 through part of 2012.  A true and correct copy of this web page is attached as Exhibit B.

5     22.    Defendants have made the Furthur Photograph further available to the public as a free download to anyone who clicked "View Image" on the aforementioned website page, on at least http://www.eseats.com/content/uploaded/furthursmall.jpg, for at least a year and a half, from late 2011 through part of 2013.  A true and correct copy of this web page is attached as Exhibit C.

6     23.    In both instances, Defendants or agents of Defendants cropped the Furthur Photograph to remove the clear watermark and copyright management information on the lower right of the Furthur Photograph, indicating that Oppenheimer was the registered author and owner of the Furthur Photograph.

7     24.    In mid-2012, Plaintiffs' counsel wrote to Defendants, identifying Defendants' website as infringing Oppenheimer's intellectual property and demanding that Defendants cease using the Furthur Photograph and provide a specific accounting.

25. Upon information and belief, Defendants did not respond to this letter.

26. Upon information and belief, Defendants removed the unauthorized and mutilated Furthur Photograph from http://www.eseats.com/further_phil_lesh_and_bob_weir_tickets.html ; however, Defendants did not remove the photograph from the page http://www.eseats.com/content/uploaded/furthursmall.jpg.  The Furthur Photograph continued to be displayed on the latter website page with the copyright management information removed.

27. In March 2013 Plaintiffs' new counsel followed up with a second letter and e-mail to Defendants, marked SECOND NOTICE, again requesting an accounting and demanding that Defendants cease all use of the Furthur Photograph on its website and otherwise.

28. Upon information and belief Defendants then removed the photograph from the second page, http://www.eseats.com/content/uploaded/furthursmall.jpg, but refused to comply with Plaintiffs' multiple requests for an accounting and requests to make Plaintiffs whole as a result of the unauthorized and infringing use of the Furthur Photograph.

29. Upon further inquiry from Plaintiff's counsel over the course of late 2013 and early 2014 for "the name and contact information for the photo database service and hosting provider that enabled you to obtain the photograph," Defendant Robert Bernstein on January 6, 2014 referred Plaintiff's counsel to a "company we use for our website hosting and image database," www.atbss.com, stating that Defendants have "been a customer of Defendants have been a customer of ATBSS for over 5 years."

30. Upon information and belief, ATBSS' image database is only several months old, and was started up well after Defendants' infringing and unauthorized use of the Furthur Photograph.

31. Upon information and belief, Defendants' subscription to ATBSS' image

1  database began well after their infringing and unauthorized usage of the Furthur
2  Photograph.
3      32.    Upon being informed on January 7, 2014 that Plaintiffs suspected
4  and/or knew that Defendants' statements concerning ATBSS were false, Defendants
5  ceased all communication with Plaintiffs and Plaintiffs' counsel.
6      33.    Defendants failed to respond to follow-up electronic correspondence
7  from Plaintiffs' counsel dated January 13, 2014 and January 23, 2014 seeking to
8  resolve this matter.
9      34.    Upon information and belief, Defendants acted willfully and
10 maliciously.
11     35.    Defendants made a profit selling Furthur tickets on a web page that
12 displayed Oppenheimer's copyrighted Furthur Photograph.
13     36.    Defendants made an unauthorized profit on their website while that site
14 displayed Oppenheimer's copyrighted Furthur Photograph.
15     37.    Upon information and belief, the Furthur Photograph has contributed to
16 the image, look and feel of the www.eseats.com website, enabling Defendants to
17 further profit from the website as a whole.
18     38.    Upon information and belief, Defendants' conduct has made it easy for
19 additional infringers to further copy, display and utilize the Furthur Photograph,
20 including without the copyright management information watermark.

**COUNT I**

**COPYRIGHT INFRINGEMENT**

23     39.    Plaintiffs repeat and reallege paragraphs 1 through 38 of this Complaint,
24 as though fully alleged herein.
25     40.    At all times relevant hereto, Oppenheimer has been the owner and
26 Performance Impressions the exclusive licensee of the Furthur Photograph
27 reproduced, distributed and publicly displayed by Defendants on website pages,
28 including without limitation on

1    http://www.eseats.com/further_phil_lesh_and_bob_weir_tickets.html and
2    http://www.eseats.com/content/uploaded/furthursmall.jpg.

3           41.    Oppenheimer holds a Copyright Registration certificate from the United
4    States Copyright Office for photographs including the Furthur Photograph.

5           42.    Defendants have utilized, reproduced and distributed the copyrighted
6    Furthur Photograph on website pages without Oppenheimer's license, authority or
7    consent.

8           43.    Defendants knew the infringed Furthur Photograph belonged to
9    Oppenheimer and that Defendants did not have permission to exploit Oppenheimer's
10   photograph.

11          44.    Defendants knew or should have known that these acts constituted
12   copyright infringement.

13          45.    Defendants' conduct was willful.

14          46.    Plaintiffs have been damaged by Defendants' conduct.

15          47.    Plaintiffs are entitled to recover damages, including losses and any and
16   all profits Defendants have made as a result of its wrongful conduct.  17 U.S.C. § 504.
17   Alternatively, Plaintiffs are entitled to statutory damages under  17 U.S.C. § 504(c).

18          48.    Because Defendants' infringement was willful, statutory damages
19   should be enhanced in accordance with  17 U.S.C. § 504(c)(2).

20          49.    Plaintiffs are entitled to recover attorneys' fees and costs of suit pursuant
21   to 17 U.S.C. § 505.

## COUNT II
### VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT

25          50.    Plaintiffs repeat and reallege paragraphs 1 through 49 of this Complaint,
26   as though fully alleged herein.

27          51.    Defendants have damaged Plaintiffs and violated Plaintiffs' rights under
28   17 U.S.C. § 1202 by removing the copyright management information from the

1  Furthur Photograph before posting it on its website.

2      52.    Defendants' actions were taken without license, authority or consent.

3      53.    Defendants' conduct was knowing, intentional and willful.

4      54.    Defendants knew or had reasonable grounds to know that the removal of
5  this copyright management information would aid its copyright infringement.

6      55.    Plaintiffs have been damaged by Defendants' conduct.

7      56.    Plaintiffs are entitled to damages pursuant to 17 U.S.C. § 1203(c)(3)(B).

8      57.    Plaintiffs are entitled to recover attorneys' fees and costs of suit.

## COUNT III

## UNJUST ENRICHMENT

58. Plaintiffs repeat and reallege paragraphs 1 through 57 of this Complaint, as though fully alleged herein.

59. Defendants have unjustly received a benefit, in the form of proceeds attributable to the use of Plaintiffs' intellectual property, to achieve website hits, improve the look, feel and quality of their website, and sell tickets to events, at Plaintiffs' expense.

60. Defendants' receipt of ticket proceeds is directly attributable to Defendants' unlawful conduct. Defendants' receipt of these proceeds has been to Plaintiffs' detriment, resulting in for example the loss of goodwill, diversion of resources, devaluation of the photograph at issue, and decreased profits.

61. Defendants' retention of proceeds from its ticket sales capitalizing on Plaintiffs' intellectual property constitutes unjust enrichment. Plaintiffs are entitled to restitution of these wrongfully obtained proceeds, and/or the imposition of a constructive trust over these proceeds in Plaintiffs' favor.

## JURY DEMAND

Plaintiffs hereby demand a jury trial in this case.

## PRAYER FOR RELIEF

Plaintiffs respectfully requests that this Court:

1. Enter a judgment against Defendants of willful infringement of Plaintiffs' rights in federally registered copyrights under 17 U.S.C. § 505 and of violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq*.;

2. Award Plaintiffs an accounting of all profits derived by Defendants from the aforementioned acts complained of;

3. Award Plaintiffs monetary damages, statutory and otherwise, and punitive damages, to the extent Plaintiffs' injuries are compensable in such manner, including but not limited to Plaintiffs' damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) or in the alternative enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of copyright; and statutory damages pursuant to 17 U.S.C. § 1203.

4. Order Defendants to pay the costs and disbursements of this action, including attorneys' fees; and

5. For such other and further relief as the Court deems just and proper.

Dated this 24th day of March 2014.

**Venable, Campillo, Logan & Meaney, P.C.**

By  */s/Wendy K. Akbar*
Wendy K. Akbar
Lance C. Venable
1938 East Osborn Road
Phoenix, Arizona  85016
Tel: 602-631-9100
Fax: 602-631-9796
E-Mail: wakbar@vclmlaw.com

*Attorneys for Plaintiffs*

1
2
3 ☒
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to any CM/ECF registrants:

*s/ Wendy K. Akbar*